LAKIS, D. B. A. MICKEY'S LOUNGE BAR, APPELLANT, *v.* CROUCH ET AL., APPELLEES.

(No. 7082—Decided December 18, 1962.)

*Mr. John T. Feighan,* for appellant.

*Mr. Mark McElroy,* attorney general, *Mr. Donald C. Freda* and *Mr. Richard H. Ferrell,* for appellees.

BRYANT, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County. Charles Lakis, d. b. a. Mickey's Lounge Bar, appellant herein, was movant in the court below. Four officials, or former officials

of the Department of Liquor Control, Richard C. Crouch, former Director, J. Frederick Rose, Chief of the Permit Division, and Charles Murphy and Francis Donnelly, examiners, appellees herein, were respondents in the court below.

Attached to the petition filed by Lakis was the rejection order of the department, Exhibit A, dated November 27, 1961, setting forth in detail the results of the investigation made by the department in connection with an application filed by Lakis for renewal of a Class D-5 night club permit held by him.

The petition alleges that Lakis appealed from the order of the Director rejecting his renewal application to the Board of Liquor Control and that the matter was set for hearing before the board on March 6, 1962. It is alleged further that Lakis, on January 23, 1962, caused subpoenas *duces tecum* to be served on Crouch, Rose, Murphy and Donnelly, commanding them to attend a deposition hearing on February 7, 1962, but the four officials in question refused to attend, although it is alleged that they were duly served.

The petition concludes with a prayer that the court below require the appellees to show cause why they should not be punished for contempt.

A judge of the court below issued a temporary restraining order without notice preventing the board from conducting the hearing "until at such time as this court may decide whether the respondent has the right to take depositions under the rules of civil procedure." No amount of bond was fixed nor was there any waiver of bond provided in this entry.

Counsel for the appellees filed a written motion to dismiss the petition and dissolve the injunction, and the court below, upon consideration, treated the motion as a demurrer to the petition, sustained it, ordered the petition dismissed and the temporary restraining order dissolved.

The decision of the court below, announced April 9, 1962, reads in part:

"In the first place even assuming authority for such depositions, a refusal to obey same would not be contempt of this court and our power in contempt is limited to contempt of this court.

"In the second place, Section 2309.01 *et seq.*, Revised Code, has no application. The right to take a deposition is given by

Section 2319.06, Revised Code, only, 'at any time after service on the defendant.' It contemplates the pendency of a court action.''

Reference to Chapter 2317 of the Revised Code indicates that disobedience of a subpoena may be punished *as a contempt of the court or officer before whom the witness was ordered to appear.* See Section 2317.20, *supra.*

It further appears that if there was personal service of the subpoena and the witness fails to appear, a writ of attachment may be issued *by the court or officer* before whom the witness' attendance is required. Section 2317.21, *supra*, provides in part as follows:

''When a witness, except a witness who has demanded and has not been paid his traveling fees and fee for one day's attendance when a subpoena is served upon him, as authorized by the provisions of Section 2317.18 of the Revised Code, fails to obey a subpoena personally served, *the court or officer, before whom his attendance is required,* may issue to the sheriff, coroner, or a constable of the county, a writ of attachment, commanding him to arrest and bring the person named in the writ before such court or officer at the time and place the writ fixes, to give his testimony and answer for the contempt. * * *''
(Emphasis added.)

Details as to the punishment for contempt are included in Section 2317.22, *supra*, reading as follows:

''Punishment for the acts of contempt specified in Section 2317.20 of the Revised Code shall be as follows: When the witness fails to attend in obedience to a subpoena, *the court or officer may fine him* not more than fifty dollars; in other cases, not more than fifty dollars nor less than five dollars; or the court or officer may imprison such witness in the county jail, there to remain until he submits to be sworn, testifies, or gives his deposition.'' (Emphasis added.)

The petition filed by Lakis is silent as to the name or title of the officer by whom the subpoenas to take the depositions were issued. In the brief accompanying the petition, counsel for Lakis makes this statement:

''The deposition in the instant case was to have been taken before a Notary Public, the official stenographer for the Court of Common Pleas for Franklin County. * * *''

However, a statement in a brief cannot take the place of a necessary allegation in a petition. It is relevant here merely to show that Lakis is not claiming the depositions were to be taken before a Judge of the Common Pleas Court.

The petition being fatally defective in that it failed to allege facts showing there had been a contempt of the Common Pleas Court, it is our opinion that the demurrer was properly sustained. As it is necessary for us to return the case to the court below for the guidance of the parties and the court, it should be stated:

1. Even if the petition contained the allegation that a notary public had issued the subpoenas for the depositions, the petition still would be insufficient for the reason, among others, that the failure to obey the subpoena, even if authorized, would not be a contempt of the Common Pleas Court.

2. Even if the petition contained the allegation that a Judge of the Common Pleas Court had issued the subpoena for the deposition, the petition still would be insufficient for the reason, among others, as stated by the court below, that Section 2319.01, *et seq.*, Revised Code, is not applicable to a case such as this, namely, an appeal from one level of authority in the Department of Liquor Control, the Director, to another part of the same Department, the Board of Liquor Control. (For example, Section 2319.06, *supra*, gives the right to take a deposition only "at any time after service upon the defendant," and this contemplates the pendency of a judicial proceeding.)

Thus it appears that no amendment to the petition below will serve any useful purpose.

The single assignment of error of Lakis is the ruling of the court below sustaining the demurrer to the petition. In our opinion, that assignment of error is not well taken and must be overruled, the judgment of the court below affirmed, the stay of execution granted in this court must be vacated and set aside, and the cause remanded to the court below.

*Judgment affirmed.*

DUFFEY, P. J., and DUFFY, J., concur.